

**U.S. Department of Justice**

Criminal Division

---

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

July 7, 2022

**VIA CM/ECF**

The Honorable Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:   *United States v. Erik Harris*, No. 21-3031
            <u>Oral Argument Not Yet Scheduled</u>

Dear Ms. Dodszuweit,

      The government respectfully informs the Court, pursuant to Federal Rule of Appellate Procedure 28(j), of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, No. 20-843, 2022 WL 2251305 (June 23, 2022).  Before *Bruen*, this Court and other courts of appeals assessed Second Amendment challenges under a two-step framework, examining first whether a challenged law or regulation burdens protected conduct and, if so, applying means-end scrutiny. *See* U.S. Br. 10.  In *Bruen*, the Supreme Court "decline[d] to adopt" the second step of that framework. 2022 WL 2251305, at *8.  The Court explained, however, that "[s]tep one of the predominant framework is broadly consistent with *Heller*." *Id.* at *9.  And the Court repeatedly emphasized that the Second Amendment's protections extend only to "ordinary, law-abiding," and "responsible" citizens. *See, e.g.*, *id.* at *5, *7, *12, *18 n.9; *id.* at *34-*35 (Alito, J., concurring); *id.* at *38 (Kavanaugh, J., joined by Roberts, C.J., concurring).

      Because Defendant-Appellant is not among the ordinary, law-abiding, and responsible citizens who fall within the scope of the Second Amendment's protections as reflected in its text and history, *Bruen* supports the district court's rejection of his

Second Amendment challenge. The Supreme Court repeatedly has recognized, as Justice Kavanaugh's concurrence emphasizes, that "the Second Amendment allows a 'variety' of gun regulations," including "'longstanding prohibitions on the possession of firearms by felons and the mentally ill.'" 2022 WL 2251305, at *39 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 636 (2008)). The Court also emphasized that courts should "reason[ ] by analogy" when determining whether historical regulations are appropriate analogues for modern laws addressing "societal concerns" that were "unprecedented" at the founding; the government need only identify a "historical *analogue*, not a historical *twin*." 2022 WL 2251305, at *12-*13; *accord* U.S. Br. 13. At "step one" of its pre-*Bruen* framework this Court has held that the historical record justifies laws disarming certain individuals, including those deemed "unvirtuous." *Binderup v. Attorney General*, 836 F.3d 336, 348 (3d Cir. 2016) (en banc) (Ambro, J.). As the government explained, Defendant-Appellant's Second Amendment challenge therefore fails. U.S. Br. 14-22.

Respectfully submitted,

/s/ Andrew C. Noll

ANDREW C. NOLL
*Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

1.      This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 350 words.

2.      This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ Andrew C. Noll
Andrew C. Noll

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Andrew C. Noll
Andrew C. Noll