

U.S. Department of Justice

Criminal Division

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

November 18, 2022

**VIA CM/ECF**

The Honorable Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:   *United States v. Erik Harris*, No. 21-3031
           Held C.A.V. pending the decision of another panel

Dear Ms. Dodszuweit,

      Pursuant to Federal Rule of Appellate Procedure 28(j), the government respectfully informs the Court of the recent precedential decision in *Range v. Attorney General*, No. 21-2835, 2022 WL 16955670 (3d Cir. Nov. 16, 2022) (per curiam). *Range* is relevant to Defendant-Appellant's challenge to his convictions under 18 U.S.C. § 922(g)(3) for possessing firearms as an "unlawful user" of "any controlled substance," and further supports the government's argument that his Second Amendment challenge fails.

      The plaintiff in *Range*, who was convicted of a state-law misdemeanor welfare fraud offense punishable by up to five years' imprisonment, brought an as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1). Applying the "text and history"-focused test required by the Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), *Range* held that Section 922(g)(1) "comports with legislatures' longstanding authority and discretion to disarm citizens unwilling to obey the government and its laws." 2022 WL 16955670, at *4. "Begin[ning] [its] analysis with the text of the Second Amendment," the Court held that "'the people' constitutionally entitled to bear arms are the 'law-abiding,

responsible citizens' of the polity," which "excludes those who have demonstrated disregard for the rule of law" by committing felonies. *Id*. at *1, *5-6 (quoting *Bruen*, 142 S. Ct. at 2131). The Court then confirmed, based on an extensive review of the historical record, *see id*. at *6-13, that legislatures had "broad discretion" to "prohibit those who did not respect the law from having firearms" and to address the threat particular "categories of people" pose "to an orderly society and compliance with its legal norms," *id*. at *5-6, *13. The Court further held that, even if Range's conduct fell within the Amendment's plain text, disarming those who commit felony or felony-equivalent offenses fits "within our Nation's tradition of firearm regulation." *Id.* at *16.

As the government has explained, U.S. Br.14-22, Section 922(g)(3) shares a similar historical justification to Section 922(g)(1). The persistent possession and use of substances the legislature has deemed unlawful, moreover, is incompatible with an individual's claim to be a law-abiding, responsible citizen.

                                                                                        Respectfully submitted,

                                                                                        /s/ Andrew C. Noll

                                                                                        ANDREW C. NOLL
                                                                                        *Counsel for the United States*

**CERTIFICATE OF COMPLIANCE**

1. This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 350 words.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ Andrew C. Noll
Andrew C. Noll

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Andrew C. Noll
Andrew C. Noll