**Federal Public Defender**
WESTERN DISTRICT OF PENNSYLVANIA
1001 LIBERTY AVENUE
SUITE 1500
PITTSBURGH, PENNSYLVANIA 15222
phone: (412) 644-6565
fax: (412) 644-4594
website: http://paw.fd.org

Lisa B. Freeland
*Federal Public Defender*

Michael J. Novara
*First Assistant Federal Public Defender*

Elisa A. Long
*Supervisory Assistant Federal Public Defender*

Johanathan D. Brooks
Christopher B. Brown
Kimberly R. Brunson
Linda E.J. Cohn
Ray Kim
Gabrielle Lee
Sarah Levin
Andrew Z. Lipson
Thomas Livingston
Jake D. Morrison
Renee D. Pietropaolo
Samuel G. Saylor
Samantha L. Stern

*Assistant Federal Public Defenders*
*\*Erie Branch Office*
*(814) 455-8089*

November 28, 2022

Patricia S. Dodszuweit, Clerk
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

RE:   *United States v. Erik Harris*, Appeal No. 21-3031
      Response to Government's Letter filed pursuant to Fed.R.App.P. 28(j)

Dear Ms. Dodszuweit,

The government suggests *Range v. A.G.*, ___F.4th___ (3d Cir.2022)—resolving a felon's *Bruen*-challenge to §922(g)(1)—supports affirmance; Harris disagrees. To the extent *Range* is relevant, its reasoning is inconsistent with *Bruen* and may be reconsidered *en banc*. This Court should hold this matter pending resolution of *Range's* rehearing petition and thereafter order supplemental briefing as *Range's* impact is too complex to address in 350-word letters.

Without grappling with Second Amendment text and *Heller*'s holding that "the people" in the Second Amendment, as in the First and Fourth, are all members of the national community, not an unspecified subset, Reply Br.2-7, *Range* concludes "'the people'…are the 'law-abiding, responsible citizens'…a category that[]excludes those who have demonstrated disregard for the rule of law through the commission of a felony…." Slip Op.3,17&21,n.14. Alternatively, if felons are among "the people," *Range* deems §922(g)(1)'s prohibition "relevantly similar" to founding-era status-based-regulations disarming Blacks, Native Americans, and

those not loyal to the inchoate United States, from which *Range* inferred legislative authority to disarm those posing a threat "to an orderly society and compliance with its legal norms." *Id.*,27,32-33,41.

*Range* does not resolve §922(g)(3)'s constitutionality.

First, §922(g)(3) doesn't fall within *Heller's* list of "longstanding" "presumptively lawful" regulations on which *Range* relies. Slip Op.3,19-21. Opening Br.15.

Second, by its terms, *Range's* reach is limited to those (not Harris) convicted of felony/felony-equivalents: "We decide only that the disarmament of individuals convicted of felon[ies]…comports with the Second Amendment." Slip Op.3&n.3;21&n.14. *Range* explicitly disclaimed the idea "that legislatures have *carte blanche* to disarm anyone who commits any crime." *Id.* Even if *Range* stands, the difficult task of line-drawing between non-law-abiding-conduct that does and does not deprive one of Second Amendment protections should await fuller briefing.

Finally, *Range's* resort to analogical reasoning was flawed and is inapplicable here as (g)(3) is not a regulation "unimaginable at the founding" but addresses a "general societal problem…persist[ing] since the 18th century." *Bruen*, 142 S.Ct. at 2132. *Bruen* thus requires the government identify a "distinctly similar" (not "relevantly similar") founding-era regulation. *Id.*,2131.[1] It did not, Reply Br.7-13; §922(g)(3) is unconstitutional.

Respectfully submitted,

*/s/ Renee Pietropaolo*
Renee Pietropaolo

---

[1] Section (g)(3) also fails the "relevantly similar" test.

**Certificate of Compliance**

This letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of this letter contains 350 words. This letter also complies with the typestyle requirements of Fed. R. App. P. 32 because it has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ Renee Pietropaolo
Renee Pietropaolo

**Certificate Of Service**

I hereby certify that on November 28, 2022, I electronically filed the foregoing Letter using the Third Circuit Court of Appeals' Electronic Case Filing (CM/ECF) system. I also certify that I served copies upon Filing User Andrew C. Noll, through the appellate CM/ECF system.

/s/ Renee Pietropaolo
Renee Pietropaolo