

U.S. Department of Justice

Criminal Division

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

February 13, 2024

**VIA CM/ECF**

The Honorable Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    *United States v. Erik Harris*, No. 21-3031
            Held C.A.V. pending *United States v. Rahimi*, No. 22-915 (S. Ct.);
            *Garland v. Range*, No. 23-374 (S. Ct.); and *United States v. Daniels*,
            No. 23-376 (S. Ct.)
            (Krause, Bibas, and Ambro, JJ.)

Dear Ms. Dodszuweit,

      Pursuant to Federal Rule of Appellate Procedure 28(j), the United States respectfully informs the Court of the recent decision in *United States v. Morales-Lopez*, --- F.4th ----, 2024 WL 501686 (10th Cir. Feb. 9, 2024). *Morales-Lopez* is relevant to Defendant-Appellant Erik Harris's challenge to his convictions under 18 U.S.C. § 922(g)(3) on the ground that the statute is unconstitutionally vague on its face.

      In *Morales-Lopez*, the Tenth Circuit held that the district court erred in construing recent Supreme Court decisions, including *Johnson v. United States*, 576 U.S. 591 (2015), to have "upended the traditional rule that a defendant whose conduct is clearly prohibited by a statute cannot pose a facial challenge to the statute while ignoring his *own* conduct." 2024 WL 501686, at *6. The Court explained that "neither *Johnson* nor its progeny can reasonably be read to support the district court's conclusion," and stressed that the circuits "to have addressed the question

are uniform in their rejection of the district court's view" and in their assessment "that *Johnson* did not affect the traditional rule that a facial vagueness challenge cannot be lodged against a statute" by a defendant to whom the statute's application is clear. *Id.* at *4 & n.3.

In this appeal, Harris contends that the Supreme Court's decision in *Johnson* establishes his ability to challenge Section 922(g)(3) on its face, and expressly relies upon the district court's reasoning in *Morales-Lopez*. Opening Br. 38-42; Reply Br. 21-26 (extensively addressing *United States v. Morales-Lopez*, 2022 WL 2355920 (D. Utah June 30, 2022)). The Tenth Circuit's reversal of the district court's ruling thus further supports the government's argument that Harris cannot advance a facial vagueness challenge to Section 922(g)(3). U.S. Br. 35-39.

I would appreciate your assistance in distributing this letter to the panel assigned to this appeal.

Respectfully submitted,

/s/ Andrew C. Noll

ANDREW C. NOLL
*Counsel for the United States*

**CERTIFICATE OF COMPLIANCE**

1.　　This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 299 words.

2.　　This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ Andrew C. Noll
Andrew C. Noll

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2024, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Andrew C. Noll
Andrew C. Noll