

**U.S. Department of Justice**

Criminal Division

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

February 12, 2025

**VIA CM/ECF**

The Honorable Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:   *United States v. Erik Harris*, No. 21-3031
           Oral Argument Held on December 9, 2024
           (Krause, Bibas, and Ambro, JJ.)

Dear Ms. Dodszuweit,

      The government respectfully responds to Harris's February 12, 2025 letter addressing the Eighth Circuit's decision in *United States v. Cooper*, __ F.4th ___, 2025 WL 397116 (Feb. 5, 2025). Relying on analysis from that court's prior decision in *United States v. Veasley*, 98 F.4th 906 (2024), *Cooper* identified just "two Founding-era analogues" relevant to Section 922(g)(3): restrictions on "the subset of the mentally ill who were dangerous" and going-armed or affray laws—each of which the panel viewed as requiring an "individualized assessment" of danger. 2025 WL 397116, at *2-3.

      As explained at oral argument, *Veasley*'s analysis (and, therefore, the analysis in *Cooper*) is flawed and construed the relevant history too narrowly. Oral Arg. Tr.39-41. *Veasley* erroneously rejected any analogy to intoxication laws, 98 F.4th at 910-12, which strongly support Section 922(g)(3)'s constitutionality, *see* Gov't Supp'l Ltr. Br.5-8 (filed Aug. 7, 2023). Nor did the Eighth Circuit consider analogues "together" or acknowledge that the Second Amendment permits regulations beyond those "identical to" earlier ones. *United States v. Rahimi*, 602

U.S. 680, 691-92, 698 (2024). And the panel erred in suggesting that even those analogues it deemed relevant invariably required an *ex-ante*, individualized determination of present dangerousness. Laws restricting the mentally ill's person or property, for example, allowed predictive judgments. *See, e.g.*, 17 Geo. 2, c.5 (Vagrancy Act of 1744, restricting those "so far disordered in their senses that they *may be dangerous*" (emphasis added)); 1788 N.Y. Laws 617 (no express danger requirement). In any event, the Supreme Court has taken pains to avoid "suggest[ing] that the Second Amendment prohibits" laws barring gun possession "by categories of persons thought by a legislature to present a special danger of misuse." *Id.* at 698.

Harris again suggests that the record does not show he was intoxicated when he possessed or carried firearms. That is incorrect. Possession is a continuing offense, and a factfinder could infer Harris was intoxicated during his possession. Oral Arg. Tr.33-37. At a minimum, the record developed in response to Harris's pretrial motion does not support concluding that the government could not establish at trial any constitutional application to Harris.

                                                  Respectfully submitted,

                                                  /s/ Andrew C. Noll

                                                  ANDREW C. NOLL
                                                  *Counsel for the United States*

**CERTIFICATE OF COMPLIANCE**

1. This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 350 words.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ Andrew C. Noll<br>
Andrew C. Noll

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2025, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Andrew C. Noll<br>
Andrew C. Noll