# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

———————

No. 21-3031

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ERIK MATTHEW HARRIS,

*Defendant-Appellant.*

———————

**GOVERNMENT'S UNOPPOSED MOTION TO STAY THE MANDATE PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 41(D)**

———————

Pursuant to Federal Rule of Appellate Procedure 41(d), the United States respectfully moves this Court for an order staying the mandate in this case pending the filing of any petition for a writ of certiorari in the United States Supreme Court and, should a petition be filed, pending the final disposition of that petition. *See* Fed. R. App. P. 41(d)(2)(B)(i)-(ii). Defendant-Appellant Erik Harris consents to the requested relief. In support of the motion, the government, through undersigned counsel, represents the following:

1. Harris was convicted, following a conditional guilty plea, on three counts of unlawfully possessing a firearm as an unlawful user of a controlled substance, in

violation of 18 U.S.C. § 922(g)(3), and three counts of making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). Before trial, Harris moved to dismiss the indictment contending, as relevant here, that Section 922(g)(3) violates the Second Amendment. The district court denied the motion, and Harris conditionally pleaded guilty.

2. On July 14, 2025, a panel of this Court affirmed in part and vacated and remanded in part. *See United States v. Harris*, 144 F.4th 154 (3d Cir. 2025). The panel rejected Harris's challenge to his false-statement convictions and Harris's separate vagueness challenge to Section 922(g)(3). *Id.* at 166-67. With respect to Harris's Second Amendment challenge, the panel majority concluded that Section 922(g)(3) is "well-grounded in history" and analogous to historical laws restricting the rights of drunkards and the mentally ill. *Id.* at 162; *see id.* at 161-65. The majority reasoned, however, that the government may apply Section 922(g)(3) to an individual only if that "particular drug user" poses a "risk of danger," and determined that whether Harris's "§ 922(g)(3) conviction[s] [are] constitutional turns on many facts unanswered by the existing record." *Id.* at 165-66. The panel therefore vacated Harris's convictions and remanded for the district court to conduct additional fact finding to determine how Harris's "drug use affected his mental state and riskiness." *Id.* at 165.

3. On July 21, 2025, this Court extended until August 28, 2025, the time within which the government may file a petition for rehearing. The United States has determined that it will not seek rehearing en banc in this Court.

4. The decision whether to seek further review of the Court's decision through a petition for certiorari is reserved for the Solicitor General, *see* 28 C.F.R. § 0.20, and the government currently is determining whether it will file a petition for certiorari in this case. Any petition for certiorari would be due on October 14, 2025, *see* Sup. Ct. R. 13.1 and 30, although that deadline may be extended by up to 60 additional days, *see* Sup. Ct. R. 13.5.

5. Federal Rule of Appellate Procedure 41(d) provides that "[a] party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court." Fed. R. App. P. 41(d)(1). A movant "must show that the petition would present a substantial question and that there is good cause for a stay." *Id.* A stay generally may not exceed 90 days (the time for seeking certiorari), but may be extended if the party notifies the court that "the time for filing a petition has been extended, in which case the stay continues for the extended period," or that "the petition has been filed, in which case the stay continues until the Supreme Court's final disposition." Fed. R. App. P. 41(d)(2)(B)(i)-(ii).

6. Any petition for certiorari in this case would present a substantial question, and good cause exists to stay the mandate.

    a. The government has already filed a petition for a writ of certiorari in *United States v. Hemani*, No. 24-1234 (S. Ct.) (petition filed June 2, 2025), seeking review of the Fifth Circuit's determination that Section 922(g)(3) violates the Second Amendment as applied to the defendant in that case. *See* Petition i, *Hemani, supra.* ("Pet.").

As the government's petition explains, a multi-sided circuit conflict has developed concerning Section 922(g)(3)'s constitutionality. Pet. 24-25. The Seventh Circuit has held that the statute complies with the Second Amendment, at least as a general matter, *United States v. Yancey*, 621 F.3d 681, 682-87 (7th Cir. 2010), while the Eighth Circuit has held that the statute violates the Second Amendment unless the government can make a case-by-case showing justifying the drug user's disarmament, *see United States v. Cooper*, 127 F.4th 1092, 1096 (8th Cir. 2025), and the Fifth Circuit has held that that the statute generally violates the Second Amendment unless the drug user was intoxicated while possessing the firearm, *see United States v. Connelly*, 117 F.4th 269, 272 (5th Cir. 2024). *See* Pet. 24-25. As the government further explains in its reply, the panel's decision in this case has only deepened that conflict, rendering the question of Section 922(g)(3)'s constitutionality "the subject of a four-way circuit conflict." U.S. Reply 8, *Hemani*, *supra* (filed Aug. 5, 2025).

The decisions of the Fifth and Eighth Circuits—and, now, the panel decision in this case—have found or suggested that an Act of Congress is potentially unconstitutional in some (and, in the Fifth Circuit's case, in the lion's share) of its applications. And "when a lower court has invalidated a federal statute," the Supreme Court's "usual" approach is to grant certiorari. *Iancu v. Brunetti*, 588 U.S. 388, 392 (2019).

**b.** Since filing its petition in *Hemani*, the government has also filed additional petitions seeking review of the same question. In each case, the government has requested that the Supreme Court hold the additional petition pending its resolution of

4

the *Hemani* petition, and then dispose of the additional petition as appropriate. *See United States v. Cooper*, No. 24-1247 (petition filed June 5, 2025); *United States v. Daniels*, No. 24-1248 (petition filed June 5, 2025); *United States v. Sam*, No. 24-1249 (petition filed June 5, 2025); *United States v. Baxter*, No. 24-1328 (petition filed June 27, 2025).

**c.** The Supreme Court is poised to consider the pending petitions in the coming weeks. *See, e.g.*, Docket, No. 24-1234 (S. Ct.) (rescheduling *Hemani* petition, initially distributed for the September 29, 2025 conference). Should the Supreme Court grant one of the petitions to consider the same issue the district court would be asked to resolve on remand in this case, the Court's resolution would provide additional guidance. In that posture, requiring further proceedings before the government determines whether to seek certiorari in this case—and before the Supreme Court resolves the pending petitions—would needlessly waste the parties' and the district court's limited resources. Good cause therefore exists to stay the mandate pending the possible filing of a petition for certiorari.

**7.** Staying the mandate also would not pose any prejudice to the defendant. Harris has completed his six-month period of imprisonment and his three-year term of supervised release and thus is no longer imprisoned or subject to ongoing supervision. And because the panel affirmed Harris's false-statement convictions, 144 F.4th at 167, he remains subject to the collateral consequences of his federal convictions irrespective of how the district court ultimately resolves his Second Amendment challenge to the

5

Section 922(g)(3) counts on remand. Staying the mandate in this case until the Supreme Court resolves any petition for certiorari thus will not materially affect the status quo.

8. The United States has conferred with counsel for Defendant-Appellant, Renee Pietropaolo, about this request. Counsel consents to the requested relief—that is, to a stay of the mandate pending the resolution of proceedings in the Supreme Court addressing the constitutionality of Section 922(g)(3).

For these reasons, the government respectfully requests that the Court stay the mandate pending the filing of any petition for a writ of certiorari in the United States Supreme Court and, should a petition be filed, pending the final disposition of that petition.

August 25, 2025                                              Respectfully submitted,

/s/ Andrew C. Noll
ANDREW C. NOLL
Criminal Division, Appellate Section
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 307-1982
Andrew.Noll@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed the foregoing Government's Unopposed Motion To Stay The Mandate Pursuant To Federal Rule Of Appellate Procedure 41(d) with the Clerk of the Court of the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Andrew C. Noll
ANDREW C. NOLL

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,301 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point type Garamond font.

/s/ Andrew C. Noll
ANDREW C. NOLL