

**U.S. Department of Justice**

Criminal Division

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

July 14, 2026

The Honorable Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:　*United States v. Erik Matthew Harris*, No. 21-3031
　　　Fourth Supplemental Letter Brief for the United States

Dear Ms. Dodszuweit,

The government respectfully submits this letter brief in response to the Court's June 29, 2026 order directing the parties to address how, if at all, the Supreme Court's recent decision in *United States v. Hemani*, 608 U.S. ---, 2026 WL 1751710 (2026), should affect the Court's prior panel decision in this case.

As explained below, *Hemani* confirms this Court's prior decision to vacate Harris's convictions for possessing a firearm as an "unlawful user" of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). But *Hemani* provides no basis for disturbing the Court's determination that Harris waived any Second-Amendment-related challenge to his false-statement convictions under 18 U.S.C. § 922(a)(6). This Court should again affirm in part, vacate in part, and remand for further proceedings.

## I.　This Court Previously Vacated Harris's Section 922(g)(3) Convictions, But Upheld His False-Statement Convictions

Harris was convicted following a conditional guilty plea on three counts of possessing a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3), and three counts of making false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). *United States v. Harris*, 144 F.4th 154, 157 (3d Cir. 2025), *vacated and remanded by* -- S. Ct. ---, 2026 WL 1854989 (June 29, 2026). When pleading guilty, Harris reserved his right to appeal the district court's denial of his pre-trial motion to dismiss the indictment on vagueness and Second Amendment grounds. *Id.*

**A.** In its prior opinion, this Court affirmed Harris's judgment in part, vacated in part, and remanded. *Id.* at 156, 167-68. The panel unanimously rejected Harris's

contention that Section 922(g)(3) is unconstitutionally vague. *Id.* at 166-67; *see id.* at 171 n.1 (Ambro, J., concurring in part and dissenting in part). As the Court explained, Harris's "habitual marijuana smoking falls squarely within § 922(g)(3)'s plain text" and "under both the statute's 'text' and 'settled interpretations'" of the law, Harris "had clear notice that he was breaking the law." *Id.* at 166-67.

**B.** With respect to Harris's Second Amendment challenge, the panel majority concluded that "history and tradition justify § 922(g)(3)'s restrictions on those who pose a special danger of misusing firearms because they frequently use drugs." *Id.* at 156. Invoking historical regulations on the drunk and mentally ill, the majority reasoned that history "confirm[s] what common sense suggests: Someone who regularly uses mind-altering substances that make him a credible threat to the physical safety of others with a gun may be disarmed temporarily until he stops using drugs." *Id.* at 161-62 (quotations omitted). Nevertheless, because the district court had never made a finding "that Harris's frequent marijuana use increased the risk that he could not handle guns safely," the majority remanded to the district court to "fill in the record." *Id.* at 165; *see id.* at 171, 175 (Ambro, J., concurring in part and dissenting in part) (contending that the majority set "the threshold for potential dangerousness too low" and that the government must prove that a person "presents a clear threat of danger" or a "clear threat of physical violence to another"). The record, the majority found, "lack[s] enough facts to tell whether the law's restrictions are constitutional as applied to Harris." *Id.* at 156.

**C.** Finally, the Court unanimously affirmed Harris's false-statement convictions under 18 U.S.C. § 922(a)(6). *Id.* at 167; *see id.* at 171 n.1 (Ambro, J., concurring in part and dissenting in part). As the Court explained, Harris's reply brief had "disavowed" any claim that there was insufficient evidence to sustain the false-statement convictions, *id.* at 167—which, as the government had explained, was foreclosed by Harris's guilty plea, *see* Gov't Br. 43-45 (filed June 10, 2022). And having rejected Harris's vagueness claim, the Court also rejected his claim that any vagueness in the statute required vacating his false-statement convictions, too. 144 F.4th at 167-68.

The Court then declined to reach Harris's contention that his false-statement convictions necessarily should be vacated if his Section 922(g)(3) convictions were found unconstitutional under the Second Amendment. *Id.* at 167. Harris, the Court observed, raised that claim "for the first time in his reply brief." *Id.* Although Harris "insist[ed] that he has made the claim all along but simply mislabeled it," this Court found that "nothing in" Harris's opening "brief suggests that he was claiming, as he does in reply, that vacating his § 922(a)(6) convictions would be 'part of the remedy required' if his § 922(g)(3) convictions were found to violate the Second Amendment." *Id.* Because Harris had "simply changed claims midstream," he "did not preserve this one for appeal," and his "§ 922(a)(6) conviction must stand." *Id.*

## II.  *Hemani* Confirms That Vacatur Of Harris's Section 922(g)(3) Convictions Is Warranted

The Supreme Court's decision in *Hemani* confirms the Court's prior determination to vacate Harris's Section 922(g)(3) convictions.

**A.**  In *Hemani*, the Supreme Court held that the government had not carried its burden to show that Section 922(g)(3), which "bans an individual from possessing a gun from the moment he becomes an unlawful user of any controlled substance until he ceases being one," complied with the Second Amendment as applied to the respondent there.  2026 WL 1751710, at *5, *12.  To justify Section 922(g)(3)'s constitutionality, the government had relied on three types of "habitual drunkard" laws: vagrancy laws, civil-commitment laws, and surety laws.  In the Supreme Court's view, those laws "differ dramatically" from Section 922(g)(3) because "[t]hey targeted different kinds of people, did so for different purposes, and operated in different ways."  *Id.* at *6.

The Court emphasized, however, that "[i]n many respects" its decision "is a narrow one."  *Id.* at *11.  Its opinion did not address Section 922(g)(3)'s application to "addicts" or to "those presently intoxicated."  *Id.*  And the Court left open the possibility that "the government could bring a prosecution under § 922(g)(3) accompanied by individualized proof that the defendant's use of marijuana (or any other drug) renders him a danger to himself or others" or by "proof that a certain drug always renders its users dangerous because of its potency or some other reason."  *Id.*

**B.**  This Court previously determined that the record "lack[s] enough facts to tell whether" Section 922(g)(3)'s "restrictions are constitutional as applied to Harris."  144 F.4th at 156.  The Supreme Court's decision in *Hemani* employed somewhat different reasoning, but it similarly suggested that Section 922(g)(3)'s constitutional application may depend on certain additional factual determinations.  *See* 2026 WL 1751710, at *11.  The government agrees that the record in this case does not show that Section 922(g)(3) can constitutionally be applied to Harris.  Consistent with the disposition of the prior panel decision, Harris's Section 922(g)(3) convictions therefore should be vacated.

## III.  *Hemani* **Provides No Basis For Disturbing The Court's Unanimous Affirmance of Harris's False-Statement Convictions**

The Supreme Court's decision in *Hemani* does not, however, provide any basis for disturbing this Court's prior affirmance of Harris's false-statement convictions.

**A.** This Court expressly rested its affirmance of Harris's Section 922(a)(6) convictions on waiver.  144 F.4th at 167.  Despite the possibility that Section 922(g)(3) might prove unconstitutional as applied to Harris following remand, the Court held that it would "not reach" Harris's late-breaking contention that any Second Amendment infirmity in his convictions would require vacating his false-statement convictions.  *Id.*

"The most basic rights of criminal defendants are . . . subject to waiver." *Peretz v. United States*, 501 U.S. 923, 936 (1991).  And "[i]t is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."  *United States v. Pelullo*, 399 F.3d 197, 221 (3d Cir. 2005).  This Court's prior decision unanimously reached a case-specific determination that Harris failed to advance an argument that his false-statement convictions would be invalid as a byproduct of any successful Second Amendment challenge to Section 922(g)(3).  *Harris*, 144 F.4th at 167; *id.* at 171 n.1 (Ambro, J., concurring in part and dissenting in part).  Nothing

about *Hemani*'s effect on the merits of Harris's Second Amendment challenge alters the Court's factual determination that Harris failed to appropriately advance any relevant Second Amendment argument concerning his false-statement convictions.

**B.**    Moreover, even if *Hemani* provided reason for this Court to consider the merits of Harris's waived challenge to his Section 922(a)(6) convictions (which it does not), that challenge still fails.

Section 922(a)(6) makes it unlawful for any person to "knowingly" make "any false or fictitious oral or written statement" "intended or likely to deceive" a firearms dealer concerning "any fact material to the lawfulness of the sale" of a firearm.  The provision "helps make certain that a dealer will receive truthful information as to any matter relevant to a gun sale's legality." *Abramski v. United States*, 573 U.S. 169, 174 (2014).  Here, the government had to show that Harris understood himself to fall within the category of an "unlawful user," but knowingly represented otherwise.  The government was not required to prove that Harris knew whether his status rendered his firearm possession unlawful, or understood the precise reach of the statutory phrase "unlawful user" as to persons other than himself, because "ignorance of the law or a mistake of law is no defense to criminal prosecution." *Cheek v. United States*, 498 U.S. 192, 199 (1991); *see Bryan v. United States*, 524 U.S. 184, 192-93 (1998); *see, e.g.*, *United States v. Karani*, 984 F.3d 163, 177 (1st Cir. 2021) (applying proposition to Section 922(a)(6)).

In his reply to the government's November 28, 2023 Rule 28(j) letter, Harris claimed for the first time that his false statements would not be material if Section 922(g)(3) is unconstitutional as applied to him. *See* Letter at 1-2 (filed Nov. 28, 2023), Doc. 77.  Harris claims he advanced that argument before the district court, but each page he cites only disputes that his representations were *knowingly* false (not that they were material). *See* Appx. 50-51, 134, 145-46.  Indeed, in pleading guilty (despite reserving the ability to appeal his Second Amendment challenge to Section 922(g)(3)), Harris admitted the materiality element was satisfied. *See* Appx.198-99.  After pleading guilty, a defendant cannot raise a claim "that would contradict [his] admissions" or "deny that he engaged in the conduct to which he admitted." *Class v. United States*, 583 U.S. 174, 183 (2018) (quotations omitted).  Any materiality argument is barred by Harris's guilty plea.

In any event, to the extent Harris attempts to suggest that, as a matter of law, a fact cannot be material to a firearm transaction if it would not directly disqualify the person from possessing a firearm, he is incorrect.  As the Seventh Circuit has observed, a false answer about one's prohibited status "can be material to the propriety of a firearms sale, whether or not all possible applications of [the underlying prohibition] comport with the Second Amendment." *United States v. Holden*, 70 F.4th 1015, 1018 (7th Cir. 2023).  "Congress is entitled to require would-be purchasers to provide information—their names, addresses, Social Security numbers, criminal histories, and so on," even if the Constitution might "block the federal government from limiting gun ownership to people who have Social Security numbers." *Id.* at 1017.  "The power to collect accurate information is of a different character—and stands on a firmer

4

footing—than the power to prohibit particular people from owning guns." *Id.* Indeed, a representation about a person's unlawful drug use is material to a firearm sale even assuming such use would not itself prohibit the sale. Unlawful drug use might suggest, for example, a basis for confirming that the individual has no prior felony convictions or for investigating whether the individual is presently under indictment for drug-related offenses. *Cf. id.* at 1018 ("[A] truthful answer to the question 'are you under indictment?' can be material to the propriety of a firearms sale, whether or not all possible applications of § 922(n) comport with the Second Amendment.").

More generally, the Supreme Court has repeatedly held that a person "who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself." *United States v. Knox*, 396 U.S. 77, 79 (1969); *see also Bryson v. United States*, 396 U.S. 64, 67-68 (1969); *Dennis v. United States*, 384 U.S. 855, 864-67 (1966); *Kay v. United States*, 303 U.S. 1, 6 (1938); *United States v. Kapp*, 302 U.S. 214, 217-18 (1937). One who employs intentional lies "as a means of self-help may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional." *Dennis*, 384 U.S. at 867. Thus, even assuming *Hemani* suggests (which it does not) that the government has no right to compel a truthful statement about a prospective firearm purchaser's drug use, "[t]he word 'material' in § 922(a)(6) does not create a privilege to lie" when the "statute has an independent constitutional problem." *Holden*, 70 F.4th at 1017; *accord, e.g., Kapp*, 302 U.S. at 217-18 (rejecting claim that misrepresentations "ceased to be material because of the unconstitutionality of the provisions of the" statute with which the defendant represented compliance). Whether Section 922(g)(3) would "pass constitutional muster" as applied to Harris "is legally irrelevant to the validity of" his false-statement convictions. *Bryson*, 396 U.S. at 68 (possible invalidity of the Taft-Hartley Act irrelevant to affirming petitioner's 18 U.S.C. § 1001 conviction).

Accordingly, even beyond this Court's threshold determination that Harris waived any derivative Second Amendment challenge to his Section 922(a)(6) convictions, those convictions must be affirmed.[*]

---

[*] This Court also rejected Harris's derivative vagueness claim (that his false-statement conditions must be vacated if Section 922(g)(3) is unconstitutionally vague) because it found that "Harris's convictions do not violate due process." 144 F.4th at 167. *Hemani* provides no basis for revisiting that determination. Respondent urged the Supreme Court to find Section 922(g)(3) unconstitutionally vague, *see* Resp. Br. 15-24, *United States v. Hemani*, No. 24-1234 (filed Jan. 23, 2026), but that issue was not encompassed by the question presented, and the Supreme Court did not address, much less resolve, any vagueness claim in its opinion. This Court's prior decision in this case correctly rejected Harris's vagueness claim, 144 F.4th at 166-67, and its determination is in line with every other court of appeals to have considered the question, *see* U.S. Reply Br. 21 & n.6, *Hemani, supra* (filed Feb. 19, 2026) (citing cases).

July 14, 2026

TROY RIVETTI
United States Attorney

LAURA S. IRWIN
Chief, Appellate Section

ADAM N. HALLOWELL
Assistant United States Attorney
Western District of Pennsylvania

Respectfully submitted,

A. TYSEN DUVA
Assistant Attorney General

JOSH A. GOLDFOOT
Deputy Assistant Attorney General

/s/ Andrew C. Noll
ANDREW C. NOLL
Criminal Division, Appellate Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 307-1982
Andrew.Noll@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1.      This letter brief complies with the Court's June 29, 2026 order because it contains 5 single-spaced pages, excluding the parts of the brief exempted under Federal Rule of Appellate Procedure 32(f).

2.      This letter brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), the typestyle requirements of Rule 32(a)(6), and the formatting requirements of Third Circuit Local Appellate Rule 32.1, and has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ Andrew C. Noll
Andrew C. Noll

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Andrew C. Noll
Andrew C. Noll